IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02428–WJM–KMT

DONNA EDMINSTER,
AMANDA FRANKLIN,
HOLLIE CONTREARAS,
LEANNDRA NICHOLE MANKE, and
NATASHA PINO,

      Plaintiffs,

v.

THE CARE GROUP AT INDIAN TREE, L.L.C.,
CARE GROUP AT ARVADA CENTER, LLC,
THE CARE GROUP AT BOULDER RESERVOIR, L.L.C.,
OSCAR SALEM, and
ANDREW SALEM,

      Defendants.

---

**ORDER**

---

This matter is before the court on Plaintiffs' "Unopposed Motion for Leave to File Plaintiffs' Second Amended Complaint and Jury Demand." (Doc. No. 67, filed March 9, 2011.)

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley*

*Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Triplett v. LeFlore County, Okl*., 712 F.2d 444, 446 (10th Cir. 1983).

Plaintiffs seek to add Rule 23 class action overtime claims on behalf of independent contractors and employees to their complaint alleging violations of the Fair Labor Standards Act and Colorado law.  Defendants do not oppose Plaintiffs' Motion.  The deadline for amending pleadings, originally February 25, 2011, was extended by this court to March 11, 2011.  (*See* Doc. Nos. 35 & 66.)  Therefore, Plaintiffs' present Motion—filed March 9, 2011—is timely.  Further, the case is in the early stages of litigation.  Moreover, upon review of the proposed Second Amended Complaint and the Motion, the court finds there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is **ORDERED**

Plaintiffs' "Unopposed Motion for Leave to File Plaintiffs' Second Amended Complaint and Jury Demand" (Doc. No. 67, filed March 9, 2011) is GRANTED.  The Clerk of Court shall file Plaintiffs' "Second Amended Complaint and Jury Demand" (Doc. No. 67–1).

Dated this 29th day of March, 2011.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge